1  LYNN HUBBARD, III, SBN 69773
2  SCOTTLYNN J HUBBARD, IV, SBN 212970
   **DISABLED ADVOCACY GROUP, APLC**
3  12 Williamsburg Lane
   Chico, CA 95926
4  Telephone: (530) 895-3252
   Facsimile: (530) 894-8244
5
6  Attorneys for Plaintiff
7
8
                    UNITED STATES DISTRICT COURT
9
                 SOUTHERN DISTRICT OF CALIFORNIA
10
11
12
13  CHRIS KOHLER,                      )  Case No. 08cv0913 L (POR)
                                       )
14          Plaintiff,                 )
                                       )  **Plaintiff's First Amended**
15          vs.                        )  **Complaint**
                                       )
16  HOTCAKES NO. 4, INC. dba IHOP      )
17  #81; BRE/LQ PROPERTIES, LLC,       )
                                       )
18          Defendants.                )
                                       )
19  _____     )
20
21
22
23
24
25
26
27
28

*Kohler v. Hotcakes No. 4, Inc., et al.*                    08cv0913 L (POR)
**Plaintiff's First Amended Complaint**

# I. SUMMARY

1.    This is a civil rights action by plaintiff Chris Kohler ("Kohler") for discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding business complex known as:

IHOP #81
10155 Paseo Montril
San Diego, CA 92129
(hereafter "the Restaurant")

2.    Kohler seeks damages, injunctive and declaratory relief, attorney fees and costs, against Hotcakes No. 4, Inc. dba IHOP #81 and BRE/LQ Properties, LLC (collectively "IHOP") pursuant to the Americans with Disabilities Act of 1990, ( 42 U.S.C. §§ 12101 et seq.), and related California statutes.

# II. JURISDICTION

3.    This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA claims.

4.    Supplemental jurisdiction for claims brought under parallel California law—arising from the same nucleus of operative facts—is predicated on 28 U.S.C. § 1367.

5.    Kohler's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

# III. VENUE

6.    All actions complained of herein take place within the jurisdiction of the United States District Court, Southern District of California, and venue is invoked pursuant to 28 U.S.C. § 1391(b), (c).

# IV. PARTIES

7.    IHOP owns, operates, and/or leases the Restaurant, and consists of a person (or persons), firm, or corporation.

8.    Kohler was shot in the back in 1988, which left him paralyzed from the waist down.  He requires the use of a wheelchair when traveling about in public.  Consequently, Kohler is "physically disabled," as defined by all applicable California and United States laws, and a member of the public whose rights are protected by these laws.

## V. FACTS

9.    The Restaurant is an establishment serving food and drink, open to the public, which is intended for nonresidential use and whose operation affects commerce.

10.    Kohler visited the Restaurant and encountered barriers (both physical and intangible) that interfered with—if not outright denied—his ability to use and enjoy the goods, services, privileges, and accommodations offered at the facility.  To the extent known by Kohler, the barriers at the IHOP included, but are not limited to, the following:

- The tow away signage posted is not correct;
- The disabled parking is not located as close as possible to the entrance door;
- The van accessible signage posted in not correct;
- The disabled parking space has a slope that exceeds 2.0%;
- The access aisle adjacent to the van accessible space is both too short, and too narrow;
- There is a built up curb ramp that encroaches into the access aisle, thereby causing said aisle to have a slope and cross slope that exceeds 2.0%;
- The words "NO PARKING" painted in the access aisle are not 12 inches tall;
- There is no accessible route from the public way;
- The platform at the bottom of the ramp leading to the disabled parking is not 60 inches by 60 inches;

*Kohler v. Hotcakes No. 4, Inc., et al.*                                      08cv0913 L (POR)
**Plaintiff's First Amended Complaint**

- There are detectable warnings on the ramp leading to the disabled parking rather than having the detectable warnings mounted prior to the beginning of the ramp;

- The slope on the detectable warnings is 2.9%

- The entrance door requires pinching, twisting and/or grasping;

- The International Symbol of Accessibility at the entrance is not mounted on the latch side of the door, nor mounted at 60 inches on the center;

- There is no area for wheelchair occupants to wait pending seating;

- There is no seating designated as being accessible to the disabled;

- There is no disabled seating available;

- There is insufficient strike side clearance when entering the men's restroom

- The accessible stall door is not self closing;

- The flush valve is not located on the wide side of the water closet;

- The disposable seat cover dispenser is mounted above the back grab bar and therefore out of the required reach range and mounted too high;

- The water closet is an obstruction to the use of the disposable seat cover dispenser;

- The toilet tissue dispenser is an obstruction to the clear floor and maneuvering space required to access the water closet;

- The pipes underneath the lavatories are not properly or completely wrapped;

- The lavatories are an obstruction to the use of the soap dispenser; and,

- The hand dryer causes there to be insufficient strike side clearance when leaving the restaurant.

These barriers prevented Kohler from enjoying full and equal access.

11.    Kohler was also deterred from visiting the Restaurant because he knew that the Restaurant's goods, services, facilities, privileges, advantages, and

*Kohler v. Hotcakes No. 4, Inc., et al.*                                                                08cv0913 L (POR)
**Plaintiff's First Amended Complaint**

accommodations were unavailable to physically disabled patrons (such as himself). He continues to be deterred from visiting the Restaurant because of the future threats of injury created by these barriers.

12.    Kohler also encountered barriers at the Restaurant, which violate state and federal law, but were unrelated to his disability. Nothing within this Complaint, however, should be construed as an allegation that Kohler is seeking to remove barriers unrelated to his disability.

13.    IHOP knew that these elements and areas of the Restaurant were inaccessible, violate state and federal law, and interfere with (or deny) access to the physically disabled.  Moreover, IHOP has the financial resources to remove these barriers from the Restaurant (without much difficulty or expense), and make the Restaurant accessible to the physically disabled.  To date, however, IHOP refuses to either remove those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

14.    At all relevant times, IHOP has possessed and enjoyed sufficient control and authority to modify the Restaurant to remove impediments to wheelchair access and to comply with the Americans with Disabilities Act Accessibility Guidelines and Title 24 regulations.  IHOP has not removed such impediments and has not modified the Restaurant to conform to accessibility standards.   IHOP has intentionally maintained the Restaurant in its current condition and has intentionally refrained from altering the Restaurant so that it complies with the accessibility standards.

15.    Kohler further alleges that the (continued) presence of barriers at the Restaurant is so obvious as to establish IHOP's discriminatory intent.[1]   On information and belief, Kohler avers that evidence of this discriminatory intent includes IHOP's refusal to adhere to relevant building standards; disregard for the

---

[1]    E.g., *Gunther v. Lin*, 144 Cal.App.4th 223, fn. 6

*Kohler v. Hotcakes No. 4, Inc., et al.*                                                08cv0913 L (POR)
**Plaintiff's First Amended Complaint**

building plans and permits issued for the Restaurant; conscientious decision to the architectural layout (as it currently exists) at the Restaurant; decision not to remove barriers from the Restaurant; and allowance that the Restaurant continues to exist in its non-compliant state. Kohler further alleges, on information and belief, that IHOP is not in the midst of a remodel, and that the barriers present at the Restaurant are not isolated (or temporary) interruptions in access due to maintenance or repairs.[2]

## VI. FIRST CLAIM

### Americans with Disabilities Act of 1990

<u>Denial of "Full and Equal" Enjoyment and Use</u>

16.    Kohler incorporates the allegations contained in paragraphs 1 through 15 for this claim.

17.    Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

18.    IHOP discriminated against Kohler by denying "full and equal enjoyment" and use of the goods, services, facilities, privileges or accommodations of the Restaurant during each visit and each incident of deterrence.

<u>Failure to Remove Architectural Barriers in an Existing Facility</u>

19.    The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv).    The term "readily

---

[2]    Id.; 28 C.F.R. § 36.211(b)

*Kohler v. Hotcakes No. 4, Inc., et al.*                                    08cv0913 L (POR)
**Plaintiff's First Amended Complaint**

achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." Id. § 12181(9).

20.    When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. Id. § 12182(b)(2)(A)(v).

21.    Here, Kohler alleges that IHOP can easily remove the architectural barriers at the Restaurant without much difficulty or expense, and that IHOP violated the ADA by failing to remove those barriers, when it was readily achievable to do so.

22.    In the alternative, if it was not "readily achievable" for IHOP to remove the Restaurant's barriers, then IHOP violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

<u>Failure to Design and Construct an Accessible Facility</u>

23.    On information and belief, the Restaurant was designed or constructed (or both) after January 26, 1992—independently triggering access requirements under Title III of the ADA.

24.    The ADA also prohibits designing and constructing facilities for first occupancy after January 26, 1993, that aren't readily accessible to, and usable by, individuals with disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

25.    Here, IHOP violated the ADA by designing or constructing (or both) the Restaurant in a manner that was not readily accessible to the physically disabled public—including Kohler—when it was structurally practical to do so.[3]

_____

[3]    Nothing within this Complaint should be construed as an allegation that plaintiff is bringing this action as a private attorney general under either state or federal statutes.

*Kohler v. Hotcakes No. 4, Inc., et al.*                                              08cv0913 L (POR)
**Plaintiff's First Amended Complaint**

Failure to Make an Altered Facility Accessible

26.    On information and belief, the Restaurant was modified after January 26, 1992, independently triggering access requirements under the ADA.

27.    The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2).  Altering an area that contains a facility's primary function also requires adding making the paths of travel, bathrooms, telephones, and drinking fountains serving that area accessible to the maximum extent feasible. Id.

28.    Here, IHOP altered the Restaurant in a manner that violated the ADA and was not readily accessible to the physically disabled public—including Kohler—to the maximum extent feasible.

Failure to Modify Existing Policies and Procedures

29.    The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

30.    Here, IHOP violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Restaurant, when these modifications were necessary to afford (and would not fundamentally alter the nature of) these goods, services, facilities, or accommodations.

31.    Kohler seeks all relief available under the ADA (i.e., injunctive relief, attorney fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

32.    Kohler also seeks a finding from this Court (i.e., declaratory relief) that IHOP violated the ADA in order to pursue damages under California's Unruh Civil Rights Act or Disabled Persons Act.

*Kohler v. Hotcakes No. 4, Inc., et al.*                                                                08cv0913 L (POR)
**Plaintiff's First Amended Complaint**

Page 8

## VII. SECOND CLAIM

### Disabled Persons Act

33.    Kohler incorporates the allegations contained in paragraphs 1 through 30 for this claim.

34.    California Civil Code § 54 states, in part, that: Individuals with disabilities have the same right as the general public to the full and free use of the streets, sidewalks, walkways, public buildings and facilities, and other public places.

35.    California Civil Code § 54.1 also states, in part, that: Individuals with disabilities shall be entitled to full and equal access to accommodations, facilities, telephone facilities, places of public accommodation, and other places to which the general public is invited.

36.    Both sections specifically incorporate (by reference) an individual's rights under the ADA. See Civil Code §§ 54(c) and 54.1(d).

37.    Here, IHOP discriminated against the physically disabled public—including Kohler—by denying them full and equal access to the Restaurant. IHOP also violated Kohler's rights under the ADA, and, therefore, infringed upon or violated (or both) Kohler's rights under the Disabled Persons Act.

38.    For each offense of the Disabled Persons Act, Kohler seeks actual damages (both general and special damages), statutory minimum damages of one thousand dollars ($1,000), declaratory relief, and any other remedy available under California Civil Code § 54.3.

39.    He also seeks to enjoin IHOP from violating the Disabled Persons Act (and ADA) under California Civil Code § 55, and to recover reasonable attorneys' fees and incurred under California Civil Code §§ 54.3 and 55.

# VIII. THIRD CLAIM

## Unruh Civil Rights Act

40.    Kohler incorporates the allegations contained in paragraphs 1 through 30 for this claim.

41.    California Civil Code § 51 states, in part, that: All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

42.    California Civil Code § 51.5 also states, in part, that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

43.    California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

44.    IHOP's aforementioned acts and omissions denied the physically disabled public—including Kohler—full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

45.    These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Kohler by violating the Unruh Act.

46.    Kohler was damaged by IHOP's wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) for each offense.

47.    Kohler also seeks to enjoin IHOP from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

*Kohler v. Hotcakes No. 4, Inc., et al.*
**Plaintiff's First Amended Complaint**

08cv0913 L (POR)

1

IX. FOURTH CLAIM

2

**Denial of Full and Equal Access to Public Facilities**

3

      48.    Kohler incorporates the allegations contained in paragraphs 1

4

through 13 for this claim.

5

      49.    Health and Safety Code § 19955(a) states, in part, that: California

6

public accommodations or facilities (built with private funds) shall adhere to the

7

provisions of Government Code § 4450.

8

      50.    Health and Safety Code § 19959 states, in part, that: Every existing

9

(non-exempt) public accommodation constructed prior to July 1, 1970, which is

10

altered or structurally repaired, is required to comply with this chapter.

11

      51.    Kohler alleges the Restaurant is a public accommodation

12

constructed, altered, or repaired in a manner that violates Part 5.5 of the Health

13

and Safety Code or Government Code § 4450 (or both), and that the Restaurant

14

was not exempt under Health and Safety Code § 19956.

15

      52.    IHOP's non-compliance with these requirements at the Restaurant

16

aggrieved (or potentially aggrieved) Kohler and other persons with physical

17

disabilities.  Accordingly, he seeks injunctive relief and attorney fees pursuant to

18

Health and Safety Code § 19953.

19

X. PRAYER FOR RELIEF

20

WHEREFORE, Kohler prays judgment against IHOP for:

21

1.    Injunctive relief, preventive relief, or any other relief the Court deems

22

proper.

23

2.    Declaratory relief that IHOP violated the ADA for the purposes of Unruh

24

Act or Disabled Persons Act damages.

25

3.    Statutory minimum damages under either sections 52(a) or 54.3(a) of the

26

California Civil Code (but not both) according to proof.

27

28

*Kohler v. Hotcakes No. 4, Inc., et al.*                       08cv0913 L (POR)
**Plaintiff's First Amended Complaint**

4.      Attorneys' fees, litigation expenses, and costs of suit.[4]

5.      Interest at the legal rate from the date of the filing of this action.


DATED: August 19, 2008          DISABLED ADVOCACY GROUP, APLC


                                _/s/ Lynn Hubbard, III_____
                                LYNN HUBBARD, III
                                Attorney for Plaintiff

---

[4]     This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

*Kohler v. Hotcakes No. 4, Inc., et al.*                                    08cv0913 L (POR)
**Plaintiff's First Amended Complaint**